CARROL MASINI, Appellant, v. GEORGE FRASER and BETTY FRASER, Husband and Wife, Respondents.

No. 17011

December 23, 1986

729 P.2d 1358

*Julian C. Smith, Jr.,* Carson City, for Appellant.

*Ronald T. Banta,* Yerington, for Respondents.

## OPINION

*Per Curiam:*

Over twenty years ago, the father of appellant Masini granted respondent George Fraser a license to build a road across a portion of the Masinis' farm, to provide access to an irrigation control box serving the Frasers' property. Fraser built such a road, and he and his lessees have used it ever since. However, after a dispute with Fraser's present lessee over an unrelated matter, Masini blocked the road. The trial court found that the license was executed, and therefore irrevocable; it awarded compensatory and punitive damages and attorney's fees and enjoined

further interference with use of the road. Because we conclude that the license was revocable, we reverse the judgment in its entirety.[1]

We have discussed the doctrine of irrevocability of licenses in two earlier opinions: Lee v. McLeod, 12 Nev. 280 (1877), and Sheehan v. Kasper, 41 Nev. 27, 165 P. 632 (1917). In each of these cases, the licensee's expenditures in reliance on the license were quite substantial. Consequently, the question whether insubstantial reliance would render a license irrevocable did not arise. The language of those opinions, therefore, seems to indicate that reliance, *per se,* is all that is required. Such an inference is inaccurate; a licensee cannot, by purely trivial reliance, terminate the licensor's power of revocation. *Accord* Cooke v. Ramponi, 239 P.2d 638, 641 (Cal. 1952).

The record shows that Fraser made the road in question by merely lowering the blade on his tractor as he went to and from the irrigation control box. This is hardly a substantial expenditure of time, money, materials or labor; Fraser had to go to the take-out box in any event. Thus, the license remained revocable and Masini's action was not unlawful.

It follows that Fraser should not have obtained relief. Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for Masini.

---

[1]Masini concedes that the Frasers have an independent secondary easement along the bank of the irrigation ditch (though not on the site of the access road) to the extent necessary for access to the control box, maintenance of the ditch, etc. That easement is not here at issue.